BRADLEY, Judge.
Charles 0. DeRamus appeals from a judgment of the Montgomery Circuit Court upholding an order of the Acting State Insurance Commissioner revoking his insurance salesman’s license.
The evidence adduced before a hearing officer of the State Insurance Department showed that on September 13, 1978 Charles 0. DeRamus called upon Osie and Bertie Byrd to try to sell them a health disability insurance policy from National Security Life. The Byrds had an existing policy with Old Southern Life Insurance Company. A comparison was made by Mr. DeRa-mus of the two policies and the Byrds filled out an application and signed statements to the effect that they had not been induced to drop an existing policy. A check in the amount of $514.00 was also given to DeRa-mus.
On October 2, 1978 the actual policies were delivered by Henry Hugley, DeRa-mus’s general agent and employer.
The Byrds did not drop their policy with Old Southern Life and instead wrote to National Security Life requesting that their $514.00 premium be returned. Mr. Hugley, the general agent, replied in a letter on November 2, 1978 that the premium would not be returned.
The Byrds filed a complaint against De-Ramus alleging that he had violated § 27-8-16 of the 1975 Code of Alabama by misrepresenting terms of a health insurance policy written by National Security Life Insurance Company. The complaint also charged that DeRamus had induced or attempted to induce Mr. and Mrs. Byrd to drop their present policy with Old Southern Life Insurance Company and replace it with National Security Life. These violations occurred on or about September 13, 1978. A hearing was scheduled before the State Department of Insurance on May 19, 1979 but was re-scheduled for June 13,1979. DeRa-mus received notice of both hearing dates.
The hearing was held before W. J. Harrison, hearing officer for the Insurance Department, and an order was issued on June 15, 1979 revoking DeRamus’s license to sell insurance in Alabama.
On July 9, 1979 DeRamus filed an appeal with the circuit court and on February 22, 1980 the petition was heard. On March 12, 1980 the court affirmed the Insurance Department’s order. A timely appeal was thereafter filed with this court.
The dispositive issue here is whether the evidence supports the order of the Insurance Commissioner revoking DeRamus’s license.
DeRamus was charged by the Insurance Department with violating § 27-8-16(8), Code of Alabama 1975 as follows:
The commissioner may, after notice and hearing as provided in section 27-8-17, refuse to renew or continue or may *1217 suspend or revoke a license for any cause for which he could have refused to issue the license had such cause then existed and been known to the commissioner or if he finds that the licensee has:

(8) Made, issued or caused to be made or issued any statement misrepresenting or making incomplete comparisons regarding the terms or conditions of any insurance or annuity contract legally issued by any insurer for the purpose of inducing, or attempting to induce, the owner of such contract to forfeit, cancel or surrender such contract or allow it to lapse for the purpose of replacing such contract with another;
Upon completion of the hearing, the following findings were made by the hearing officer:
1) Charles 0. DeRamus did, by making incomplete comparisons, misrepresenting and inducing, or attempting to induce the insureds, actually cause them to drop an existing hospital plan in full benefit and to purchase a new hospital plan with a one year waiting period.
Based on these findings, the hearing officer ordered DeRamus’s license revoked.
The evidence is without dispute that the Byrds did not drop or terminate their insurance policy with Old Southern Life Insurance Company. Consequently, the finding of the hearing officer that the Byrds were actually caused to terminate an existing health insurance policy in which they had full benefits in order to purchase a health policy with a one year waiting period from DeRamus is without basis in the evidence.
In the absence of evidence to support the findings of fact, the revocation cannot stand. The judgment of the circuit court is reversed.
Although not dispositive, one other issue raised on appeal needs to be addressed in view of the possibility of further hearings in this matter. That issue concerns DeRa-mus’s argument that he was not furnished counsel at the department hearing or, at the least, advised that he could have counsel present with him at the hearing, all of which deprived him of his constitutional rights, i. e., amendments six and fourteen of the United States Constitution.
Section 27-2-30(c), Code of Alabama 1975, provides in part as follows:
(c) The commissioner shall allow any party to the hearing to appear in person and by counsel to be present during the giving of all evidence, to have a reasonable opportunity to inspect all documentary and other evidence, to examine and cross-examine witnesses, to present evidence in support of his interest and to have subpoenas issued by the commissioner to compel attendance of witnesses and production of evidence in his behalf.
It is clear that the legislature has provided that a party to a hearing before the Insurance Commissioner or his agent is entitled to be represented by counsel, but it did not require the Commissioner to specifically inform a party of his right to counsel, nor to appoint counsel to represent him.
Mr. DeRamus was a licensed insurance salesman and he was represented at the hearing by his employer, Mr. Henry Hugley, who is a general insurance agent. Certainly it is reasonable to conclude that both Mr. DeRamus and Mr. Hugley were aware of the laws and regulations governing the activities of insurance agents licensed by the State Insurance Department.
License revocation proceedings conducted by the Insurance Commissioner are civil in nature and do not require the appointment of counsel nor the advice that employed counsel may be used in order to satisfy sixth amendment rights as guaranteed by the fourteenth amendment to the United States Constitution. Woodham v. Williams, Fla.App., 207 So.2d 320 (1968). Consequently, we conclude that no error was committed by the failure of the Insurance Commissioner or his agent to inform DeRamus that he was entitled to be represented by legal counsel at the revocation hearing.
*1218 For the error above noted, the judgment of the circuit court is reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.