Dennis Leftwich appeals from a protection-from-abuse order entered by the Madison Circuit Court after a proceeding conducted pursuant to the "Protection from Abuse Act," Ala. Code 1975, § 30-5-1 et seq. We affirm.
On April 24, 2007, Debra Vansandt filed a petition for protection from abuse against Leftwich in the Madison Circuit Court. The trial court entered an ex parte protection order on April 25, 2007, that, among other things, set a hearing on Vansandt's petition and advised Leftwich that he had "the right to legal counsel at [the] hearing at [his] expense," but not appointed counsel. On August 7, 2007, the court held a hearing; at the commencement of the hearing, the following colloquy took place:
 "[THE COURT:] And are you ready, Ms. Vansandt?
 "DEBRAVANSANDT: lam.
 "THE COURT: And are you ready, Mr. Leftwich?
 "DENNIS LEFTWICH: As far as I know. I'd prefer an attorney, but I can't afford one now.
 "THE COURT: Well, sir, and I appreciate that, but I — there's nothing I can do —
 "DENNIS LEFTWICH: Okay.
 "THE COURT: — because I can't appoint a lawyer in a case like this because it's a civil case.
 "DENNIS LEFTWICH: Yes, sir.
 "THE COURT: If it was a criminal case and you were facing incarceration, the law would allow me to do that if I found you to be indigent, but this is a civil case.
 "DENNIS LEFTWICH: Okay. That's fine.
 "THE COURT: And since you were served almost two months ago, that's plenty of time to have gotten a lawyer or to make whatever arrangements you could, so we're going to proceed this morning."
On August 13, 2007, the court entered a final protection order against Leftwich. On September 6, 2007, Leftwich filed a motion for a new trial; that motion was denied on October 10, 2007. On November 14, 2007, Leftwich filed his notice of appeal.
On appeal, Leftwich argues that the trial court's failure to appoint counsel for him violated his constitutional and statutory rights. We disagree.
"[T]he Sixth Amendment right to counsel is at issue only where adversary judicial criminal proceedings have been initiated against the defendant." Ex parte Stewart,853 So.2d 901, 903 (Ala. 2002) (emphasis added). The present case is a civil proceeding. Although a party to a civil action has a constitutional right to appear though privately retained counsel, there is *Page 174 
no constitutional right to appointed counsel in a civil proceeding. Papaspiros v. Southeast Gen. Contractors,Inc., 982 So.2d 1099, 1103 (Ala.Civ.App. 2007); DeRamusv. Winfield, 388 So.2d 1215, 1217 (Ala.Civ.App. 1980). Thus, we conclude that the trial court did not violate Leftwich's constitutional rights by failing to appoint counsel to represent him.
We next address whether the trial court's failure to appoint counsel to represent Leftwich violated his statutory rights. Initially, we note that there are certain Alabama statutes that provide for appointed counsel in certain civil proceedings, e.g., "civil . . . nonsupport cases which may result in the jailing of the defendant," Ala. Code 1975, § 15-12-20, certain juvenile cases, Ala. Code 1975, § 12-15-63, and civil contempt cases, Rule 70A(c)(3), Ala. R. Civ. P. There is, however, no similar statutory requirement for the appointment of counsel in protection-from-abuse proceedings.
Section 30-5-6(a), Ala. Code 1975, provides that in protection-from-abuse proceedings, "[t]he court shall advise the defendant that he or she may be represented by counsel."[1] As we construe the statute, this Code section simply requires the court to advise the defendant of his or her right to retain private counsel; it does not, however, require a court to appoint counsel for a defendant in a protection-from-abuse proceeding. When the legislature has intended to grant a statutory right to appointed counsel, it has used clear language expressing such intent. For example, in § 12-15-63(a), Ala. Code 1975, the legislature used the following language: "[T]he child has the right to be represented at all stages of the proceedings by counsel retained by [the child's parents, guardian, or custodian] or, if they are unable to afford counsel, by counsel appointed by the court." The fact that the § 30-5-6(a), Ala. Code 1975, does not explicitly refer to appointed counsel reflects the legislative intent to not confer the right to appointed counsel in protection-from-abuse proceedings. Accordingly, we conclude that the trial court did not violate Leftwich's statutory rights by not appointing counsel to represent him.
The trial court's judgment is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs specially.
[1] Before 1995, this section provided that "[t]he court shall advise the defendant of his or her right to be represented by counsel." Also, before the 1995 amendment, this section stated: "Nothing herein shall be construed to preclude any person, who is otherwise eligible, from having court appointed counsel."