## Mervin Winans v. Oscar Randolph, Appellant.

*Negligence—Gunners—Evidence—Question for jury.*

Plaintiff and defendant while gunning with three or four other persons lost their way in a swamp. Plaintiff undertook to guide the party out to a public road. In doing so he walked ten or twelve feet ahead of the defendant. While walking in this manner defendant's gun was discharged by a twig or bush catching and raising the hammer, causing very serious injuries to the plaintiff. Defendant testified that he was carrying his gun with muzzle pointing to the ground, and that he had his hand in front of the lock. There was testimony, however, that he had stated on other occasions that he carried the gun pointing upwards, and in front of him, and that he was carrying it in a careless manner. There was no other evidence as to the manner in which the gun was carried. *Held*, (1) that there was sufficient evidence of negligence on the part of defendant to justify the submission of the case to the jury, and (2) there was no evidence of negligence on the part of the plaintiff.

Argued May 1, 1895. Appeal No. 221, July T., 1894, by defendant, from judgment of C. P. Crawford Co., May T., 1893, No. 85, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, and FELL, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that on Thanksgiving Day of 1892, plaintiff and defendant, with three or four other persons, went gunning for rabbits. The party became lost in a swamp, and plaintiff undertook to lead them out to a public road. In doing so he walked ten or twelve feet ahead of the defendant. While they were walking in this manner defendant's gun was discharged by a twig or bush catching and raising the hammer. Defendant testified that he held his gun pointing towards the ground with his hand in front of the lock. There was testimony, however, that he had said on other occasions that he carried the gun pointed upwards, and in front of him, and that he was carrying it in a careless manner.

Defendant's points were, among others, as follows :

" 3. It is as much the duty of the plaintiff in this case to exercise reasonable care in guarding against the accident as it was of the defendant to see that there was no neglect on his part. *Answer :* This point is refused. It involves a proposi-

tion that there is in some way negligence on the part of the plaintiff known in the law as contributory negligence. I see no evidence in the case to warrant the submission of that question to the jury. The plaintiff could not be charged with contributory negligence in the case so far as the evidence discloses the facts, unless it be the going by him to the woods with some other person who had a gun. Taking into consideration the general habits of the people in this community the court would not be warranted in charging that the plaintiff was guilty of contributory negligence in either case. The general habit of people in hunting and carrying guns would preclude the court from determining as a matter of law or submitting under the evidence as a question of fact relating to contributory negligence that the plaintiff was guilty of contributory negligence in going out with some of his neighbors and friends hunting, or going through the woods in advance of some person who has a gun." [1]

" 4. There is not sufficient evidence of culpable negligence on the part of the defendant in this case to justify a verdict against him. *Answer:* This point is answered in the negative. We submit to you as a question of fact for your determination the inquiry whether under the evidence in this case the defendant was guilty of negligence or not." [2]

Verdict and judgment for plaintiff for $1,492. Defendant appealed.

*Errors assigned* were, (1, 2) above instructions, quoting them.

*Pearson Church, A. B. Richmond & Son* with him, for appellant.—The question of contributory negligence should have been left to the jury : Whart. on Neg. sec. 400; Crafts v. Boston, 109 Mass. 519 ; Hanningan v. Navigation Co., 23 W. N. C. 576 ; Dodge v. Wanamaker, 38 L. I. 458 ; Mallory v. Griffey, 85 Pa. 275 ; King v. Thompson, 87 Pa. 365 ; Penna. R. R. v. White, 88 Pa. 327 ; Germantown Pass. Ry. v. Walling, 97 Pa. 55 ; Philadelphia City Pass. Ry. v. Hendrice, 92 Pa. 431 ; McCleary v. Frantz, 160 Pa. 535.

*George F. Davenport,* for appellee, cited: McCleary v. Frantz, 160 Pa. 535.

OPINION BY MR. JUSTICE FELL, July 18, 1895;

The plaintiff and the defendant with three or four other persons while gunning lost their way in a swamp. The plaintiff attempted to guide the party out to a public road, and in so doing walked ahead followed by the others, the defendant being nearest to him. While passing through a thicket the defendant's gun was accidentally discharged, causing very serious injuries to the plaintiff. At the time of the accident the defendant was ten or twelve feet behind the plaintiff, and his gun was discharged by a twig or bush catching and raising the hammer. The defendant was the only witness to the manner in which the gun was carried, and he testified that he held it under his right arm with his hand in front of the lock and the muzzle pointing to the ground at his left, and that the muzzle was raised and drawn to the right by the limb or bush which caught the hammer. There was testimony to the effect that he had said on other occasions that he carried the gun pointing upwards and in front of him, and that he was carrying it in a careless manner.

The assignments of error are to the answers to the third and fourth points, and raise the questions—first, whether there was sufficient evidence of negligence on the part of the defendant to justify the submission of the case to the jury; secondly, whether there was any evidence of contributory negligence on the part of the plaintiff. Where the standard of duty is not fixed, but varies with the circumstances as developed by the testimony, the question of negligence is for the jury. No fixed standard could be applied to the facts of this case. It was for the jury under proper instructions to determine whether the defendant had exercised due care. The charge upon this subject was clear and adequate, and did full justice to the defendant. In submitting the case to the jury the learned judge said: "If the injury which resulted, and as to which there is no controversy, is one which ordinary care and foresight might not have reasonably anticipated the defendant is not liable in this action; if on the other hand from the nature of the instrument, the position of the parties, the situation as to the position of timber, bushes or undergrowth, the position of the gun in its relation to the person injured, the defendant ought to have foreseen that there might be such an accident as this, if it was a suggestion of ordinary prudence and foresight that the plain-

tiff might be injured by the discharge of the defendant's gun, he would be responsible in damages for the negligence."

The evidence disclosed no negligence whatever upon the part of the plaintiff. He was walking in advance of the others in order to lead them out of the swamp. He assumed this position to carry out their common purpose. It was the clear duty of each person following to exercise care to avoid the accidental discharge of his gun, and so to carry it that in the event of such an accident no one of the party would be injured. The duty of each was to watch his own gun, not the guns of those behind him. The third point, if at all relevant, implied some neglect upon the part of the plaintiff, and there was no error in the answer given.

The judgment is affirmed.