## MANNING *v.* JONES.

Opinion delivered June 13, 1910.

1. NEGLIGENCE—USE OF FIREARMS.—The reasonable care which persons using firearms are required to use to avoid injuring others must be proportionate to the probability of injury, upon the principle that he who does what is more than ordinarily dangerous must use more than ordinary care. (Page 361.)

2.   SAME—WHEN ERROR TO DIRECT VERDICT.—In an action for damages for negligently shooting another, it was error to direct a verdict for the defendant where it was a question for the jury whether the shooting was done negligently or was the result of a pure accident. (Page 361.)

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; reversed.

### STATEMENT BY THE COURT.

J. O. Manning brought this suit against W. P. Jones and R. C. Morehead, to recover damages for injuries sustained by him on account of their alleged negligence and carelessness in shooting him while engaged in hunting on his premises. The circumstances under which the injury occurred are substantially as follows:

The place where the injury occurred is a fruit farm owned by a corporation of which the defendant, Jones, was the president and manager. The plaintiff made a contract with Nelse Barnett, an agent of the corporation, whereby he became its tenant. He was to look after and care for the fruit trees for the corporation, and was to have the balance of the farm rent free. He lived on the farm. On the day he was injured plaintiff had been engaged in repairing the pasture fence. When he finished the repairs, he started home. He had gone some 40 or 50 steps when he heard two guns fired in rapid succession. He fell to the ground, shot in the eye. The defendant, Morehead, went for assistance, and Jones remained to care for the plaintiff. Morehead requested assistance of one W. L. Morgan, and at the time told him that they had shot the plaintiff. They were bird hunting at the time. The defendant, Jones, later in the day told the son of the plaintiff that he had shot his father.

The plaintiff did not see the defendants before the shots were fired, and does not know whether they saw him. But the facts and circumstances attending the occurrence are sufficient from which the jury might have inferred that they could have seen him had they looked.

The attorney for the plaintiff made the following admission: "We will admit that the defendant, W. P. Jones, had an interest in the property (referring to the fruit farm) and that they will swear that he had a right to enter there."

The court directed the jury to return a verdict for the defendants, which was accordingly done. From the judgment rendered the plaintiff has appealed to this court.

*Samuel M. Casey,* for appellant.

When there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. 73 Ark. 561; 76 Ark. 520; 89 Ark. 372. Defendants are liable for the damage caused by their negligent act. 16 Ark. 314; 96 Am. St. R. 477. It is error to instruct the jury to find according to the testimony of a witness if his testimony is contradicted by other witnesses. 88 Ark. 550.

*R. A. Dowdy* and *Oldfield & Cole,* for appellee.

Appellant failed to show that appellee fired the shot that caused the injury; therefore the verdict was properly directed. 1 Cooley on Torts, 251; 111 Tenn. 430; 78 S. W. 93. For accidental injuries no action lies; the burden is on the plaintiff to prove some omission of duty. 16 Ark. 314; 36 Ark. 607; 69 Ark. 402; 72 Ark. 572; 79 Ark. 608; 46 Atl. 4; 16 N. E. 180; 1 Thomp. on Neg., § 14.

HART, J., (after stating the facts). It is insisted by counsel for appellant that the court erred in directing a verdict for appellees, and in this we think counsel is correct. Assuming that the defendants had a right to be on the premises and to hunt there, this fact of itself did not absolve them from liability under the facts stated. The test of liability is, not whether the injury was accidentally inflicted, but whether the defendants were free from blame.

Mr. Thompson, in drawing the distinction between an intentional shooting and a shooting by mere accident, says: "But where the weapon is accidentally and not purposely pointed at another, * * * the liability of the person pointing it will depend upon the answer to the question whether he was guilty of negligence, or whether it was the result of pure accident, unmixed with negligence. Here, as in other cases, the test of the liability of the defendant is whether, in what he did, he failed to exercise reasonable or ordinary care. And here, as in other cases, the reasonable care which persons using firearms are bound to take in order to avoid injury to others is a care proportionate to

the probability of injury; and the principle is applicable that he who does what is more than ordinarily dangerous is bound to use more than ordinary care. Whether, in case of an injury proceeding from such a cause, ordinary or reasonable care was used by the person inflicting it will in almost every case present a question for a jury." Thompson, Negligence, § 780, and cases cited.

This principle of law has been recognized by the court in the case of *Bizzell* v. *Booker*, 15 Ark. 308. In that case the complaint alleged that the defendants, who had camped in the woods adjacent to plaintiff's cotton shed for the purpose of hunting, had, by the negligent management of their camp fire, set the woods on fire, and that the fire had extended to the shed and consumed plaintiff's cotton. The court held (quoting from syllabus) : "Where one is doing a lawful act—or an act not mischievous, rash, reckless or foolish, and naturally liable to result in injury to others—he is not responsible for damages resulting therefrom by accident or casualty, while he is in the exercise of such care and caution as a prudent man would observe, under the circumstances surrounding him, to avoid injury to others; but he is answerable for damages resulting from negligence, or a want of such care and caution on his part."

In discussing the liability for the negligent use of firearms, in the case of *Hankins* v. *Watkins*, 77 Hun (N. Y.) 360, the court held: "When one does an illegal or mischievous act which is likely to prove injurious to others, or when he does a legal act in such a careless and improper manner that injury to third persons will probably ensue, he is answerable, in some form of action, for all the consequences which may directly result from his conduct. It is not necessary, in order to justify an action against him, that he should intend to do the particular injury which follows, or any injury at all." See also *Moebus* v. *Becker*, 46 N. J. L. 41; *Welch* v. *Durand*, 36 Conn. 182; *Judd* v. *Ballard*, 66 Vt. 668.

It is undisputed that the sight of one of appellant's eyes was destroyed by a gunshot wound, and the court should have submitted to the jury the question whether the gun was discharged by either of appellees, and, if so, whether he was at the time in the exercise of such care and caution to avoid injury to

others as a prudent man would observe under the circumstances surrounding him.

For the error in giving the peremptory instruction in favor of appellees, the judgment is reversed, and the cause remanded for a new trial.