## MITCHELL v. HOPPER.
### Opinion delivered October 26, 1914.

NEGLIGENCE—INJURY TO PROPERTY—PUBLIC OFFICER'S LIABILITY.—Defendants were public officers, and while engaged in the performance of their duties in inspecting cattle, injured a steer belonging to plaintiff, so that it had to be killed. *Held*, defendants are liable only for damages resulting from their carelessness or negligence, and can not be held liable for damages resulting from an accident or casualty, while they were in the exercise of proper care, or such care as an ordinarily prudent man would have exercised under like circumstances.

Appeal from Boone Circuit Court; *George W. Reed*, Judge; reversed.

STATEMENT BY THE COURT.

This suit was brought by appellee for damages for the value of a steer alleged to have been carelessly killed by appellants while roping him. They answered, denying any negligence, but admitting that the steer broke his leg after he had been lassoed or roped, while they were attempting, in the exercise of proper care, to inspect the herd of cattle, as officials of the State engaged in the work of tick eradication in Boone County; that the occurrence was an accident for which they were not responsible; that they immediately reported it to the plaintiff, who requested them to sell the steer to the meat market at Harrison, which they did, for $18.40, and offered to pay this amount to the plaintiff, but he declined to accept it, and they tendered it in the justice's court.

From the judgment for double damages in appellee's favor, the appellants appealed to the circuit court. It appears from the testimony that the appellants were inspectors engaged in the work of tick eradication in Boone County; that it was necessary to catch the cattle and examine them closely in order to make the proper inspection; that one of them threw a rope or lasso on this steer as he started away from the herd and his horse braced himself and when the steer came to the end of the rope, the slack, he slipped on a rock and fell and broke his leg. He was skilled in roping cattle and both the inspectors testified that it was properly done, without any carelessness. They immediately reported the occurrence to the owner and he said that he would expect pay for his steer and that they should sell the animal to the butcher. They replied that they wanted to do what was right about it and went immediately to town, but were not able to get more than $18.40 for the injured animal.

There is some question about whether that sum was tendered appellee before suit was brought and the tender was not made good by bringing the money into the circuit court. The court instructed the jury that if they

found from the evidence that appellants, during the inspection, injured any of plaintiff's stock, they would be liable for whatever damages he sustained by reason of the injury and declined to give appellant's requested instruction No. 2, as follows: "Before you would be authorized to find for the plaintiff, you must find from a preponderance of the testimony that the defendants carelessly or negligently roped the steer belonging to the plaintiff, and in so doing broke, or caused to be broken, its leg, and if you fail to so find from a preponderence of the testimony, then your verdict will be for the defendants."

From the verdict and judgment for appellee, appellants have appealed.

*Troy Pace,* for appellants.

1. Under the law appellants had the right to go into appellee's pasture for the purpose of inspecting his cattle. Act 409, Acts 1907, § § 3, 15; Act 250, Acts 1909.

2. There can be no liability for purely accidental injuries arising from the doing of a lawful act in a proper manner. 1 Thompson on Neg. (2 ed.), § 14; 99 Am. Dec. 565; 53 Am. Dec. 357; 82 U. S. 524; 16 Ark. 308; 53 Ark. 386; 95 Ark. 362.

*Appellee, pro se.*

The propositions of law urged by appellants are not disputed, but there is evidence in the record which authorized a finding that appellants were guilty of negligence which resulted in the injury. Appellants are answerable for damages resulting from their negligence, or want of due care and caution. 16 Ark. 308; 95 Ark. 362.

KIRBY, J., (after stating the facts). Appellants' instruction No. 2 correctly states the law and should have been given. Appellants were officers and engaged in the performance of their duties in inspecting the cattle at the time they undertook to do so. The act being

lawful they were only liable for injuries resulting from carelessness or negligence and could not be held liable for damages for injury resulting by accident or casualty while they were in the exercise of proper care, or such care as an ordinarily prudent man would have exercised under the circumstances. *Bizzell* v. *Booker*, 16 Ark. 308; *Manning* v. *Jones*, 95 Ark. 359; 1 Thompson on Neg., § 14; *Tinsman* v. *Belvidere Ry. Co.*, 69 Am. Dec. 565; *Radcliff* v. *Mayor of Brooklyn*, 53 Am. Dec. 357; *Parrott* v. *Wells Fargo & Co.*, 82 U. S. 524.

The court's instructions declared the law incorrectly and were erroneous also in directing, in effect, a verdict against appellants for the value of the injured animal. They, of course were liable in any event, as one of their requested instructions told the jury, for the payment of the $18.40 realized from the sale of the injured steer, which amount they claim to have been willing at all times to pay.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.