(119 So. 672)

**STATE REALTY CO. v. LIGON.** (1 Div. 514.)

Supreme Court of Alabama. Jan. 17, 1929.

Inge & Bates, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

BOULDIN, J. Dr. Ellen B. Ligon sues the State Realty Company for personal injuries, due to the negligent operation of a passenger elevator in defendant's office building in Mobile.

Count 1 charges the defendant "maintained and operated an elevator therein for the purpose of transporting tenants and other parties going to and from offices located on the upper floors of the said building." There is no averment that the plaintiff was at the time a tenant or party going to or from an office on an upper floor. Without more, the complaint would fail to show plaintiff was within the class to whom the duty of care was upon defendant.

But the count further avers: "It was the duty of said defendant to have the elevator remain stationary until the plaintiff and other passengers entering said elevator had completed their entrance into same"—and in breach of this duty, and while the elevator had stopped at the ground floor to receive passengers, and the door was open for the purpose, and plaintiff was in the act of entering the elevator as a passenger, having one foot in the elevator and one on the floor, the servant of defendant suddenly and negligently, without warning, started the elevator upward, inflicting the personal injury complained of.

Under our rules of pleading, these averments sufficiently show the relation of passenger, the duty arising therefrom, and a breach of such duty. They impose upon the plaintiff the burden of proving that she was of the class to whom the initial duty of care was sustained; no question of wantonness nor negligence after discovery of peril appearing. Armstrong v. Montgomery St. R. Co., 123 Ala. 233, 26 So. 349.

Without conflict the evidence showed the plaintiff was a tenant, having her offices on an upper floor, and had been for some years, a fact known, as of course, to the defendant at the time. In such case, when the complaint charges negligence and causal connection with the injury, but is defective merely for generality of averment in the nature of a conclusion of the pleader, error in overruling a demurrer is not ground for reversal. American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507.

The plaintiff was 65 years of age; weighed some 150 pounds; as she entered the elevator, the right foot being inside, with the left on the floor outside, the elevator started upward; in the moment of surprise and shock she could not enter nor withdraw; the elevator ascended, plaintiff remaining in this precarious position, to a height variously estimated at 2½ feet to 5 feet, when she was res-

cued by Mr. Vanderslice, who happened to be near.

The negligence of the elevator girl is not questioned. The controverted issue was as to the fact and extent of plaintiff's injury. On this inquiry, much expert testimony from physicians and surgeons was introduced, and some testimony of nonexperts.

The serious results claimed by plaintiff were not due to external injury, but to shock and strain, causing permanent ill health and inability to pursue her profession as a physician of the osteopathic school. The professional opinion evidence is not without variance as to the cause and extent of her subsequent suffering and debility.

During the progress of the case the trial judge refused to permit or hear objections to evidence interposed by associate counsel for defendant, holding that all objections to evidence offered by plaintiff must come through leading counsel, who examined and cross-examined the witnesses. On declining to hear or pass upon an objection interposed by associate counsel, both leading and associate counsel asked permission for the latter to note objections. This was denied, and defendant reserved exception.

This question was fully considered in the recent case of McKinley v. Campbell, 217 Ala. 139, 115 So. 98. Speaking through Mr. Justice Somerville, this court said: "Parties have a constitutional right to be heard by counsel (Const. Ala. 1901, § 10), and this right cannot be restricted to representation by a single individual. The Legislature and the court itself may, of course, impose reasonable regulations upon the cumulative functioning of counsel in the conduct of a trial, but cannot properly suppress the timely and appropriate action of any individual counsel acting alone—without duplication—in the particular matter." On rehearing, the court expressly held that rule 18, providing only one counsel on each side shall examine a witness, has no application.

Section 10 of the Constitution, part of the Bill of Rights, guarantees the right to be heard by counsel in civil cases, as does section 6 in criminal cases. Baumier v. Antiau, 65 Mich. 31, 31 N. W. 888, fully supports the rule announced by this court. Said the Michigan court:

"If a party has the right to employ more than one counsel upon the trial of an issue of fact, which cannot be doubted, we think an arrangement by which one counsel examines the witness, while the other watches out for the legality of the admission or rejection of the proposed testimony, not only a desirable and advantageous one for the party, but a matter of right, which no court can take away from him unless the privilege is abused. Mr. Whitman had a clear right to make objections, and to move to strike out testimony, and to argue his objections and motions if argument was needed or desired. The court,

in his discretion, would have had the undoubted right to limit the argument upon these questions to one counsel upon a side, but he could not require that the counsel who was examining the witness in chief should alone make objections or motions and argue them. The counsel examining a witness, with his mind constantly on the alert and turned towards the questions he was asking, and the answers thereto, would not be so apt to catch at once the legal bent of a question as the counsel who did not have the witness in hand, but whose mind was directed mainly to the legal effect and tenor of the proposed testimony."

We do not hold with the Michigan court that argument of objections to evidence is matter of right. In case of doubt, the court should permit or even invite such statement of the legal points raised as will assist him in avoiding error and the consequent retrial of the cause. But this is matter of discretion, to be exercised according to his own judgment in the conduct of trials. This court reviews the correctness of his ruling vel non, and not whether argument was permitted. But to interpose objection in due form is a matter of right. The grounds of objection are essential to invoke a ruling thereon, are to be considered a part thereof, and are properly stated by counsel interposing the objection.

■ Adhering to the rule announced in McKinley v. Campbell, supra, we hold it was the right of defendant, through associate counsel engaged to assist in the trial, to interpose objections to evidence offered by plaintiff on examination of her witnesses, or on cross-examination of defendant's witnesses, to state the grounds of objection, and reserve an exception to the court's ruling. No question here arises as between leading and associate counsel in case of difference of opinion. See, also, Olive v. State, 11 Neb. 4, 26, 7 N. W. 444, 451; 1 Thompson on Trials, § 420.

Appellee invokes rule 45. It is first pointed out that the question asked at the time this ruling was made was never answered. If this were all, it would appear to be error without injury. But further cross-examination of plaintiff's witnesses followed, then the evidence for defendant, during all of which the defendant was denied a constitutional right.

Appellee further argues that leading counsel freely interposed objections, and that appellant has the burden to point out some illegal evidence offered or received, to which leading counsel did not interpose proper objection. We deem such a construction of rule 45 impractical, and out of keeping with its spirit and purpose.

Nor is the duty on this court to consider whether every legal objection was interposed to testimony as offered. Evidence properly appears here in narrative form. Questions may have been leading and suggestive. The allowance of such questions, it is true, is usually in the discretion of the trial court. But it is the right of the party to make objection, invoke his judicial discretion, and thus protect himself from flagrant injustice by reason of leading questions to a willing witness.

■ A constitutional right is a substantial right. We hold a denial of the right here involved affirmatively implies injury. It is a prima facie showing of injury, casting on the other party the burden to show the contrary.

■ Sections 7762 and 7763, Code of 1923, provide an alternative method of taking the deposition of a witness, where the parties in writing waive a commission. The form of a sufficient return is given (section 7762), and a substantial compliance with that section is sufficient to let the answers go to the jury, if legal, on other grounds. Section 7763.

Unless stipulated in the agreement, a failure to add a certificate as per section 7755 is not ground to suppress the deposition so taken. The motions to suppress the depositions of Dr. Elizabeth Smith and Dr. Martha Petree, taken by notaries public in their respective states, pursuant to agreement in writing waiving commissions, were properly overruled.

■ A physician authorized to practice medicine upon certificate of qualification under the laws of his or her state, and having actual experience in practice, is a qualified medical expert in personal injury cases. No legal distinction will be drawn between the osteopath and other members of the profession. Drs. Smith and Petree qualified as expert witnesses. The law recognizes that, in the practice of medicine, a diagnosis of the ailment may include a personal examination of the patient by all the methods known to science, and also the history of the case, as given by the patient or other examining physicians.

This history may include a statement of present and past symptoms, the incidents connected with the beginning of the trouble, such as injury by accident, and the findings of other physicians, such as X-ray examination and blood tests. A professional opinion as to the nature, cause, and extent of the ailment, based upon all these matters in connection with and as part of the personal examination of the patient, is competent evidence. Necessarily the information coming to the physician may be largely hearsay. An exception is made because of the necessities of medical science, because the patient's statements are presumed to be made to aid a correct diagnosis and cure, and the professional reports of physicians and nurses with the same end in view.

If it otherwise appears that the statements of the patient were for other ends, or any item of information was not true, or in doubt, this goes to the probative force of the opinion of the physician. If it appears affirmatively that the sole ground on which the opinion was based was false, such opinion should be disregarded. If this appears without conflict or

544

adverse inference, the opinion based thereon should be excluded. 1 Wigmore on Evidence, § 688; 3 Wigmore, § 1720.

Plaintiff, herself a physician duly licensed under the laws of Alabama, and of long practice in her profession, was a competent witness to testify of her own knowledge of such facts as could be testified to by any other person injured, and professionally as an expert, to the same matters of opinion as other physicians. This includes the permanency of the alleged injury. As in all other cases, her testimony, whether of knowledge or of opinion, is to be viewed in the light of her interest.

We find no error in refusing the motions to strike certain portions of the depositions of Drs. White and Petree.

Without dealing with many points presented in detail, we remark that many are patently without merit, and others will probably not arise upon another trial. What we have written will serve as a sufficient guide on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.