(133 So. 251)

## LORENO v. ROSS.

### 6 Div. 473.

Supreme Court of Alabama.
March 12, 1931.

Rehearing Denied April 9, 1931.

Altman & Koenig, of Birmingham, for appellee.

Wilkinson & Burton, of Birmingham, for appellant.

BROWN, J.

This is an action by the plaintiff against the defendant for wrongfully causing the

death of plaintiff's minor son, a boy about seventeen years of age. Code 1923, § 5695.

The plaintiff and the defendant are brothers-in-law, and the evidence goes to show that on the occasion of the boy's injury, the families of the two had been to church, going in the plaintiff's automobile, and after leaving the church had gone to the house of a relative, and were returning to defendant's home in the automobile which was stopped a short distance from defendant's home to allow the defendant and the members of his family to disembark. The evidence offered by the plaintiff tended to show that after defendant and the members of his family had gotten out of the car, the defendant took from his inside coat pocket a pistol with his left hand and, in transferring it from his left to his right hand, the pistol was discharged, inflicting on the boy a mortal wound which caused his death.

The defendant's testimony goes to show that he had the pistol—a thirty-two special six-shooter, six-inch barrel, loaded in all of its chambers—in the inside pocket of his coat with the barrel extending downward, leaving the butt or grip end out of the pocket, and in stooping to get out of the automobile the pistol fell from the pocket, and when it hit the running board of the car or the ground it was discharged, inflicting the wound causing the death of plaintiff's son.

██ The law imposes on persons carrying or handling firearms a high degree of care to avoid injury to others, and if injury results from the negligent discharge of such firearm, though accidental in the sense that it was not intentional, the person causing such injury is liable therefor. 20 R. C. L. 52, § 48; 40 Cyc. 872; Bahel v. Manning, 112 Mich. 24, 70 N. W. 327, 36 L. R. A. 523, 67 Am. St. Rep. 381; Judd v. Ballard, 66 Vt. 668, 30 A. 96; Hankins v. Watkins, 77 Hun, 360, 28 N. Y. S. 867; Manning v. Jones, 95 Ark. 359, 129 S. W. 791; Seltzer v. Saxton, 71 Ill. App. 229; Sullivan v. Creed, 2 Brit. Rul. Cas. 181, note; 1 Thompson on Negligence, § 780; Rudd v. Byrnes, 156 Cal. 636, 105 P. 957, 26 L. R. A. (N. S.) 134, 20 Ann. Cas. note 126; Winans v. Randolph, 169 Pa. 606, 32 A. 622.

██ There was an absence of evidence showing or tending to show that the defendant intentionally shot Ross, or that he had any reason to apprehend an attack from the deceased or any member of his family. On the contrary, the evidence shows that the two families were on most friendly terms. Therefore, testimony going to show the occasion for defendant carrying the pistol in his pocket, and that defendant's "place had been held up," was not material to the only issues in the case—whether or not the defendant was guilty of negligence in handling the pistol or in allowing it to fall from his pocket.

If it should be conceded that the fact that defendant's place had been previously held up, and that this justified him in carrying the pistol concealed on his person at his place of business, this was no excuse for carrying it on the occasion in question. Chatteaux v. State, 52 Ala. 388.

The evidence being wholly immaterial, the court cannot be put in error for entertaining a motion to exclude, though it be conceded that the plaintiff waived his right to have it excluded by failing to object thereto. The court had the right to exclude the evidence ex mero motu, and the granting or refusing of plaintiff's motion was a matter addressed to the court's sound discretion.

██ The objection of defendant's counsel evoking the order of the court for counsel "to keep quiet," complained of in the fortieth assignment of error, was made during the cross-examination of the defendant, who had testified on his direct examination that the pistol had a six-inch barrel, and had, just immediately before the question to which the objection was made, stated: "The pistol never showed up at all. I don't think it had a six inch barrel." The form of the objection, in these circumstances, might well have been construed as a suggestion to put the witness on guard.

While a party has a constitutional right to be represented by counsel, and this right cannot be unduly impinged, still the court was under duty to protect the other party in his right of cross-examination. We cannot affirm error in this ruling.

██ The court erred in sustaining the plaintiff's objections to the questions propounded to the witness Mrs. Ross, on cross-examination, made the predicate for assignments of error 33 and 34; but it appears that the witness was further cross-examined and testified to the facts sought to be elicited by these questions, rendering these errors innocuous.

██ We are not of opinion that the court committed error in allowing counsel to use a pistol other than the one causing the injury in illustrating how the pistol was handled on the occasion of the injury. The pistol so used was not offered in evidence.

██ The carrying of the pistol concealed, in violation of law, under the facts in this case was clearly not the proximate cause of the injury. It was but the remote cause, a condition on which—if defendant was guilty of negligence—such negligence operated to produce the injury. The proximate cause of the injury was the defendant's negligence, if defendant was guilty of negligence, as this was for the jury, in handling the pistol, or in not taking reasonable precaution to prevent it from falling out of his pocket.

■ Charges 19, 21, 25, 27, 28, 29, 31, 32, and 37, were inapt and misleading, and were well refused.

■ Charges 18 and 34, refused to defendant, were fully covered by given charges 6, 23, and 35. These refused charges were well refused for the use of "believe" instead of the appropriate term "reasonably satisfied." Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Cain v. Skillin, 219 Ala. 228, 121 So. 521, 64 A. L. R. 1022. Moreover, mere accident charges have been condemned as having a tendency to mislead and confuse the jury, and their refusal justified. Grauer v. Alabama Great Southern Ry. Co., 209 Ala. 568, 96 So. 915; Smith v. Baggett, 218 Ala. 227, 118 So. 283.

■ Charges 15 and 39 were in form argumentative, and were refused without error, and were otherwise bad. Hale v. Cox, ante, p. 136, 131 So. 233.

Refused charge 10 was substantially covered by given charge 33.

■ Under the defendant's evidence alone, the jury were warranted in finding that the defendant was guilty of negligence, and therefore charge 12, refused to the defendant, was properly refused, and for like reason the motion for new trial was properly denied.

We find no reversible error in the record, and the judgment of the circuit court is ordered affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.