L. CHARLES WRIGHT, Retired Appellate Judge.
This court’s original opinion, dated December 16, 1994, is withdrawn, and the following is substituted therefor:
The parties were divorced in Shelby County, Alabama, in 1989. The mother and the parties’ two children moved to Virginia the same year. In June 1990 the mother filed a petition in Virginia, requesting the modification of the Alabama decree as it pertained to the visitation rights of the father. Following a hearing, the Virginia court terminated the father’s visitation rights “until such time as he has undergone a psychiatric evaluation and has shown this court that he is fit to visit with his children and that he would not endanger them if he did so.” The order was entered in September 1990.
In September 1991 the father filed a petition for rule nisi in the Circuit Court of Shelby County, requesting that the mother be held in contempt of the visitation provisions in the 1989 divorce decree. He requested that the court issue an order finding the Virginia modification to be void due to lack of jurisdiction. The mother filed a petition to dismiss, alleging lack of jurisdiction, which was granted by the court.
The father appealed the dismissal to this court. We found that Alabama had continuing jurisdiction of the matter and that the trial court erred in dismissing the father’s petition. We remanded the case to the trial court for it either to hear the petition or, in its discretion, to decline to exercise jurisdiction in accordance with the PKPA, 28 U.S.C.A. § 1738A, and the UCCJA, §§ 30-3-26 and -27. Lyon v. Lyon, 618 So.2d 127 (Ala.Civ.App.1992). Our opinion was released on December 4, 1992.
Procedural matters, not germane to this appeal, followed the release of our opinion. The record, however, is devoid of any account of those proceedings.
In December 1993 the father filed a petition for rule nisi in the Circuit Court of Shelby County, again alleging that the mother had failed to abide by the visitation provisions contained in the 1989 decree. The petition reflects certified service on the mother’s attorney.
On January 5,1994, the trial court entered an order, setting a date for a hearing and ordering the mother to show cause why she should not be held in “willful contempt of this Court’s order of August 21, 1989 for failure to abide by the terms and conditions of the agreement pertaining to visitation privileges awarded to the [father] . . . .” The hearing was set for February 1,1994. It was further ordered that the sheriff serve the mother with a copy of the order and that a copy of the order be sent to the mother’s attorney. The ease action summary sheet indicates that the mother and her attorney were served. The record, however, does not contain a return of service.
The mother’s attorney withdrew approximately 11 days after the order to show cause was entered. On January 28, 1994, the mother filed a pro se motion to transfer, alleging that the Virginia court would be the more appropriate forum for such proceed- *287 mgs. On January 31, 1994, the mother filed a “Response to Order to Appear.”
The contempt hearing was held on February 1, 1994. The mother did not appear and was not represented by counsel. Following the hearing, the trial court denied the mother’s motion to transfer, held the mother in contempt, ordered that she be incarcerated until she purged herself of contempt, and awarded the father attorney fees in the amount of $7,500.
The mother appeals. The father did not file a brief with this court.
The mother contends that the trial court’s order of contempt was erroneously entered, without previous petition or notice to her, thereby depriving her of the required due process protection.
Because these proceedings were initiated prior to July 1, 1994, Rule 33.3, Ala.R.Crim. P., is applicable.
We find that the trial court’s order to show cause, issued on January 5, 1994, met the requirements mandated by Rule 33.3, Ala. R.Crim.P.
At issue is whether the mother was properly served with the trial court’s order of January 5, 1994. The mother did not raise the insufficiency of service of process in her motion to transfer, in her “Response to Order to Appear,” or, specifically, in her motion for reconsideration. Any insufficiency of process or insufficiency of service of process argument was therefore waived. Rule 12(h)(1), Ala.R.Civ.P.; Ex parte Dowling, 506 So.2d 340 (Ala.Civ.App.1986).
The mother next contends that the trial court erred in refusing to grant a continuance of the February 1, 1994, hearing.
Our review of the record discloses that the mother never requested a continuance. We decline to consider this assertion, due to the fact that there was no adverse ruling on the matter from the trial court. Davis v. Hartford Accident & Indemnity Co., 335 So.2d 688 (Ala.Civ.App.1976).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CELARLES WRIGE1T while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All the Judges concur.