804 So.2d 186 (2001)
Ex parte Doris Jean McCAIN.
(Re Doris Jean McCain v. Robert H. McCain).
1990506.
Supreme Court of Alabama.
April 6, 2001.
*187 G. Edward Coey, Hanceville, for petitioner.
S. Wayne Fuller of Fuller & Willingham, Cullman, for respondent.
WOODALL, Justice.
On May 8, 1997, Robert H. McCain filed a complaint for divorce against Doris Jean McCain. G. Edward Coey, Mrs. McCain's attorney, filed an answer and counterclaim on June 4, 1997. Coey has remained her counsel of record since that date.
Mrs. McCain and Coey were present when this case was called for trial on December 10, 1998. The parties and their attorneys requested some time to see if they could resolve the case by agreement. The trial court agreed to give them some time, but cautioned the parties and attorneys that the case would be tried on that date since the case had been announced ready for trial at the call of the docket.
The attorneys later informed the trial court that the case could not be settled. When the case was called for trial a short time later, Mrs. McCain was present, but Coey was not.
The trial court directed its bailiff to attempt to locate Coey. The bailiff reported that he could not find Coey on the floor of the courthouse where the divorce trial was to be held.
By the time that the divorce case was called for trial, Coey had been ordered to commence trial in a juvenile matter in the District Court. After commencing trial in the juvenile matter, Coey informed the trial court's bailiff of his location.
The trial court required Mrs. McCain to try the case without her attorney and despite her protests. The following colloquy occurred as the proceedings began:
"THE COURT: Cynthia, this is DR 1997-285. Robert McCain versus Doris Jean McCain.
"MR. FULLER: Call Mrs. McCain.
"MRS. McCAIN: I want Mr. Coey.
"THE COURT: I'm sorry. We can't seem to keep Mr. Coey's mind on his business up here today. Come ahead. Just come have a seat right up here and be sworn.
"MRS. McCAIN: So I am not going to be represented by legal?
"THE COURT: I'm sorry, no.
"MRS. McCAIN: Why?
"THE COURT: Just speak into the microphone there please, ma'am.

*188 "MRS. McCAIN: Okay."
(Reporter's Transcript, at 3.)
As Mrs. McCain was being cross-examined by Mr. McCain's attorney, she continued to insist that she wanted her attorney present at trial:
"Q. 12-17-96, claimant is more internally focused at the present time. For the most part her thoughts are filled with obsessions about how to get what she feels she deserves from husband. She is elaborating, verbalizing a lot of her manipulative behavior and to make sure for once that she isn't taken advantage of. Is Ms. Hogan a liar or is that the truth in this case?
"A. I refuse to answer because I have no legal representative here.
"Q. What?
"A. I refuse to answer because I have no legal representative here.
"Q. Also on that occasion it says she assures me that she is not and does not intend to perpetrate any act of harm towards her husband. Did you tell Ms. Hogan on that occasion that you weren't going to harm or commit murder on Mr. McCain?
"A. I want my legal representative.
"Q. Please, ma'am just answer my question.
"A. I want a lawyer here.
"Q. Would you answer my question?
"A. I need a lawyer.
"THE COURT: She is a party. She doesn't have to answer questions.
"Q. (BY MR. FULLER) Okay. Have you ever threatened Mr. McCain with a hammer?
"A. I want my lawyer here.
"Q. Have you ever shoot [sic] at him?
"A. I want my lawyer here.
"Q. Have you ever overdosed him?
"A. I want my lawyer here."
(Reporter's Transcript, at 13-14.)
The trial court then examined Mrs. McCain concerning her refusal to answer questions:
"THE COURT: Let me see if I can save us some time.
"Mrs. McCain, is it your intent not to answer any more of his questions?
"MRS. McCAIN: Yes, until I have my lawyer here.
"MR. FULLER: That's all. You may come down.
"THE COURT: You may step down."
(Reporter's Transcript, at 15.)
After that colloquy, Mrs. McCain started to leave the courtroom to find Coey:
"THE COURT: Mrs. McCain, before you leave.
"MS. McCAIN: I'm good [sic] going to go find Mr. Coey.
"THE COURT: Let me tell you this. We are going to continue with our trial here. If you are not present in the courtroom now that will be your loss.
"MRS. McCAIN: Why can't I have a lawyer? That's my rights.
"THE COURT: You have a lawyer.
"MRS. McCAIN: I don't.
"THE COURT: I'm sorry. I was not able to find him.
"MRS. McCAIN: He is here.
"THE COURT: He has not been here.
"MRS. McCAIN: He was here earlier.
"THE COURT: He was here earlier, yes. I told him that we were coming in to try the case and he is not here now. I apologize for that.
"Come on and take the stand, Mrs. McCain.

*189 "MRS. McCAIN: Because my rights are being took away."
(Reporter's Transcript, at 15-16.)
As the trial progressed, Mrs. McCain expressed her lack of understanding and her confusion. In examining a witness, she mentioned that Coey was "in court downstairs." Also, she stated that Coey had information and papers concerning the issues in the case.
A divorce judgment was entered on February 3, 1999. Coey filed a motion for new trial on February 9, 1999, seeking a new trial where Mrs. McCain could be represented by counsel. The trial court denied the motion for new trial on March 8, 1999.
Mrs. McCain appealed to the Court of Civil Appeals which affirmed the trial court without opinion. We granted Mrs. McCain's petition for certiorari review. We reverse the judgment of the Court of Civil Appeals and remand.
Coey did not comply with this Court's "Attorney Calendar Conflict Resolution Order." See Ala.Code 1975, Vol. 23A, p. 683 (Lawyers Coop.1996). However, the focus of our inquiry must be upon Mrs. McCain's rights, not upon her attorney's failure to comply with that administrative order.
The right to appear through privately retained counsel in a civil matter is embedded in Article I, § 10, Ala. Constitution, 1901: "That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party." It is clear that this "constitutional right to be represented by counsel ... cannot be unduly impinged." Loreno v. Ross, 222 Ala. 567, 570, 133 So. 251, 253 (1931). A party to a civil action who is not in default is entitled to be represented by counsel during trial. Whaley v. State, 263 Ala. 191, 82 So.2d 187 (1955). The constitutional right to counsel is a substantial right and, therefore, a denial of that right affirmatively implies injury. State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672 (1929).
We conclude that the trial court "unduly impinged" upon Mrs. McCain's constitutional right to counsel when she was required to go to trial without Coey's assistance. She was given no opportunity to seek other counsel or to prepare to try the case alone. The trial court erred in ignoring her insistence upon her right to counsel and, therefore, erred in denying her motion for a new trial. The judgment of the Court of Civil Appeals is reversed and this case is remanded.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
SEE, J., concurs specially.
SEE, Justice (concurring specially).
I agree with the majority that the Alabama Constitution of 1901 guarantees a person the right to be represented by counsel in "any civil cause to which he is a party." Art. I., § 10, Ala. Const.1901. See also State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672 (1929) ("Section 10 of the Constitution, part of the Bill of Rights, guarantees the right to be heard by counsel in civil cases, as does section 6 in criminal cases."). As the majority points out, this Court has held that the constitutional right to counsel "cannot be unduly impinged." Loreno v. Ross, 222 Ala. 567, 570, 133 So. 251, 253 (1931). This constitutional right, however, is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case. This Court has held that, under certain circumstances, the failure of an attorney to appear when a case is set for trial may result in the dismissal of the *190 action for want of prosecution. See Vold v. Hand, 366 So.2d 279 (Ala.1979); and Steele v. Gill, 283 Ala. 364, 217 So.2d 75 (1968). However, where a party's attorney is absent because he is appearing before another court, as is the case here, this Court has held that it may be reversible error to deny a continuance:
"`Cases may of course arise when the denial of the right of continuance might amount to an abuse of discretion; but under such circumstances it is not sufficient to show that the absent attorney was expecting a case to be called in another court, but it must be shown that he is at the time actually engaged in the trial of the other cause. Moreover it must be made to appear that under the circumstances other professional advice is unavailable, and that there is a meritorious cause of action or defense thereto which cannot be effectively presented without the presence of the absent attorney.'"
City of Birmingham v. Goolsby, 227 Ala. 421, 425, 150 So. 322, 325 (1933) (emphasis omitted).
Mrs. McCain's lawyer was not present at trial because he had been ordered to trial in another court. Mrs. McCain told the court that she did not wish to proceed with the trial of her case without her lawyer being present, and she stated that he "had information and papers concerning the issues in the case." 804 So.2d at 189. Further, as the majority points out, the trial court did not allow her the opportunity to seek other counsel or to prepare to try the case herself. Accordingly, I agree that the trial court's refusal to grant Mrs. McCain a continuance amounted to reversible error.
Therefore, I concur.