The defendants Peter Papaspiros and Angel Kuhlman appeal a judgment entered on a jury verdict in favor of the plaintiff Southeast General Contractors, Inc. ("Southeast"). We affirm.
Southeast performed remodeling work on a building for Papaspiros and Kuhlman pursuant to a written contract. In December 2002, Southeast sued Papaspiros and Kuhlman to recover $93,277.58 that South-east claimed it was owed for the remodeling work. Ultimately, when the action went to trial on March 6, 2006, Southeast had pending claims of breach of contract and money due on an open account.
In January 2003, Papaspiros and Kuhlman, who were then represented by attorney Frank C. Galloway III, answered Southeast's complaint and asserted counterclaims against Southeast based on allegations that Southeast had not properly performed the remodeling work. Papaspiros and Kuhlman subsequently amended their counterclaim to add several claims and to demand a jury trial. Ultimately, when the action went to trial, Papaspiros and Kuhlman had pending claims of breach of contract, negligence, and misrepresentation.
In July 2003, Galloway sought leave to withdraw as counsel for Papaspiros and Kuhlman on the ground that his relationship with them had soured, and the trial court granted him leave to withdraw. In November 2003, attorneys R.M. Woodrow and Charles S. Doster appeared as counsel *Page 1101 
for Papaspiros and Kuhlman, although Doster did not sign any of the subsequent pleadings filed on behalf of Papaspiros and Kuhlman. In April 2005, Woodrow sought leave to withdraw as counsel for Papaspiros and Kuhlman on the ground that they had employed attorney Steve Guthrie to represent them. Guthrie appeared as counsel for Papaspiros and Kuhlman, and the trial court granted Woodrow leave to withdraw.
Between the commencement of the action in December 2002 and the trial of the action on March 6, 2006, the action was set for trial and continued on several occasions. At least two of the trial settings (November 2003 and April 2005) were continued at the behest of Papaspiros and Kuhlman, and at least one other trial setting (November 2004) was continued at the behest of all the parties. In January 2006, either Papaspiros and Kuhlman themselves or Guthrie on their behalf wrote a letter to the trial judge informing him that Papaspiros and Kuhlman were ready for trial, and the trial judge set the action for trial on March 6, 2006. However, on February 13, 2006, Kuhlman filed a motion for a continuance that only she had signed. That motion stated:
 "The reason for this request is to allow [Papaspiros and Kuhlman] to acquire a construction attorney as recommended by the Alabama Bar Association in Montgomery, Alabama. [Kuhlman] has further learned from consultation with a prominent construction attorney that a great deal of further discovery and depositions need to be completed before trial. According to this attorney, there is not a sufficient amount of time before the March 6, 2006 trial week."
The trial judge denied Kuhlman's motion.
On March 6, 2006, Papaspiros and Kuhlman appeared in court without an attorney. After the striking of the jury, Papaspiros and Kuhlman made an oral motion seeking a continuance of the trial on the grounds (1) that their witnesses could not come to court to testify until March 8, 2006; (2) that they did not have access to their files because they were allegedly in the possession of their attorney; and (3) that they did not have an attorney in court representing them.[1] The trial judge denied the motion. Southeast then introduced the testimony of their sole witness, and Kuhlman cross-examined the witness. During that cross-examination, the trial judge rebuked Kuhlman for making disrespectful faces at him when he made rulings that were adverse to her and he warned her that he would not put up with that behavior in the courtroom.
Southeast then rested its case-in-chief, and Kuhlman called Papaspiros as a witness. The next day, during a recess in Papaspiros's testimony, the trial judge found Kuhlman in contempt for making disrespectful faces at him and ordered her removed from the courtroom. Kuhlman asked the trial judge if she could object to her being removed from the courtroom, and the trial judge responded in the affirmative, but Kuhlman did not state a ground for her objection.
After Kuhlman's removal, the trial judge ordered Papaspiros to give the remainder of his testimony in narrative form; however, Papaspiros responded that he did not know what to do or what to say without an attorney to represent him. The trial judge then gave Southeast an opportunity to cross-examine Papaspiros, but Southeast stated that it had no questions for Papaspiros. The trial judge asked Papaspiros whether he had any other witnesses, and *Page 1102 
Papaspiros stated that he had two other witnesses but that they were not at the courthouse yet because he had not expected his testimony to end as soon as it did. The trial judge stated that the witnesses should have been at the courthouse ready to testify and, because they were not, "the defense rests."
Southeast's attorney and Papaspiros made closing arguments. The trial judge then charged the jury regarding both of Southeast's claims. However, although he had not entered a judgment as a matter of law ("JML") in favor of Southeast with respect to Papaspiros and Kuhlman's counterclaims of negligence and misrepresentation, the trial judge charged the jury regarding Papaspiros and Kuhlman's counterclaim of breach of contract only. The jury returned a general verdict in favor of Southeast, and the trial judge entered a judgment on that verdict in the amount of $89,383.76. Subsequently, Papaspiros and Kuhlman filed a tardy motion for a new trial and a timely notice of appeal to the supreme court. Only Kuhlman signed the notice of appeal. The supreme court transferred Papaspiros and Kuhlman's appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Before we consider the merits of Papaspiros and Kuhlman's appeal, we must first address two jurisdictional issues and one procedural issue. The first jurisdictional issue is whether the judgment in favor of Southeast is nonfinal because the trial judge neither entered a JML with respect to Papaspiros and Kuhlman's counterclaims of negligence and misrepresentation nor charged the jury regarding those counterclaims. The judgment is final despite the trial court's failure either to enter a JML with respect to those two counter-claims or to charge the jury regarding them because the omission of those counterclaims from the jury charge is tantamount to the entry of a JML in favor of Southeast with respect to those counter-claims. See AlfaLife Ins. Corp. v. Jackson, 906 So.2d 143, 153 (Ala. 2005).
The second jurisdictional issue, which is presented by Southeast's motion to dismiss Papaspiros's appeal, is whether Papaspiros's failure to sign the notice of appeal deprives this court of jurisdiction over his appeal. Rule 3(c), Ala. R.App. P., requires that a notice of appeal "specify the party or parties taking the appeal," but it does not require that the parties taking the appeal sign the notice of appeal. Therefore, Papaspiros's failure to sign the notice of appeal, which designated Papaspiros as one of the parties taking the appeal, does not deprive this court of jurisdiction over Papaspiros's appeal. Consequently, we deny Southeast's motion to dismiss Papaspiros's appeal.
The preliminary procedural issue is presented by Southeast's motion to strike three affidavits that are appended as exhibits to Papaspiros and Kuhlman's brief. Southeast moves us to strike those affidavits on the ground that the affidavits are outside the record on appeal. We cannot consider matter in a brief that is outside the record. See Etherton v. City ofHomewood, 700 So.2d 1374, 1378 (Ala. 1997), and Cooperv. Adams, 295 Ala. 58, 61, 322 So.2d 706, 708 (1975). Therefore, we grant Southeast's motion to strike.
Papaspiros and Kuhlman's first argument on appeal is that the trial court erred by forcing them to go to trial without an attorney. As authority for this argument, they cite Exparte McCain, 804 So.2d 186 (Ala. 2001). InMcCain, Mrs. McCain and her attorney were present in court when the circuit court judge called Mr. McCain's divorce action against Mrs. McCain for trial. The parties then asked for some time to see if they could settle the action. *Page 1103 
The circuit court judge granted them some time to discuss settlement but cautioned the parties and the attorneys that, if they did not settle the action, it would be tried that day because it had been announced ready for trial at the call of the docket.
The attorneys later informed the circuit court judge that the action could not be settled. When the case was called for trial a short time later, Mrs. McCain was present, but her attorney was not. The circuit court judge directed his bailiff to try to locate Mrs. McCain's attorney; however, the bailiff subsequently reported that he had not been able to locate the attorney on the floor of the courthouse where the divorce action was to be tried. By the time the McCain divorce action was called for trial, Mrs. McCain's attorney had been ordered to commence trial in a juvenile matter in the district court. After commencing the trial of the juvenile matter, Mrs. McCain's attorney informed the circuit court bailiff of his location. However, the circuit court judge required Mrs. McCain to try the divorce action without her attorney and despite her protests.
Upon the conclusion of the trial, the circuit court judge entered a divorce judgment, and Mrs. McCain moved the trial court for a new trial on the ground that the circuit court judge had erred in requiring her to try the case without her attorney. The circuit court judge denied Mrs. McCain's motion for a new trial, and Mrs. McCain appealed to this court, which affirmed, without opinion, the divorce judgment. The supreme court granted certiorari review and reversed this court's affirmance of the divorce judgment. The supreme court stated:
 "The right to appear through privately retained counsel in a civil matter is embedded in Article I, § 10, Ala. Constitution, 1901: `That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party.' It is clear that this `constitutional right to be represented by counsel . . . cannot be unduly impinged.' Loreno v. Ross, 222 Ala. 567, 570, 133 So. 251, 253
(1931). A party to a civil action who is not in default is entitled to be represented by counsel during trial. Whaley v. State, 263 Ala. 191, 82 So.2d 187 (1955). The constitutional right to counsel is a substantial right and, therefore, a denial of that right affirmatively implies injury. State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672 (1929).
 "We conclude that the trial court `unduly impinged' upon Mrs. McCain's constitutional right to counsel when she was required to go to trial without [her attorney's] assistance. She was given no opportunity to seek other counsel or to prepare to try the case alone. The trial court erred in ignoring her insistence upon her right to counsel and, therefore, erred in denying her motion for a new trial. . . ."
804 So.2d at 189. However, Justice See, concurring specially, wrote:
 "This constitutional right [to counsel in a civil matter], however, is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case. This Court has held that, under certain circumstances, the failure of an attorney to appear when a case is set for trial may result in the dismissal of the action for want of prosecution. See Void v. Hand, 366 So.2d 279 (Ala. 1979); and Steele v. Gill, 283 Ala. 364, 217 So.2d 75
(1968). However, where a party's attorney is absent because he is appearing before another court, as is the case here, this Court has *Page 1104 held that it may be reversible error to deny a continuance. . . ."
804 So.2d at 189-90 (See, J., concurring specially) (emphasis added).
The record in the case now before us does not affirmatively establish that Papaspiros and Kuhlman would have been represented by an attorney at trial but for the attorney's being ordered to trial in another case. Although the record does not indicate with certainty why an attorney did not appear at trial with Papaspiros and Kuhlman, it tends to indicate that an attorney did not appear at trial with Papaspiros and Kuhlman because they became dissatisfied with Steve Guthrie approximately a month before trial and they could not secure the services of a replacement at that late date. Because the record in the case now before us does not affirmatively establish that Papaspiros and Kuhlman were not represented by an attorney at trial because the attorney was trying another case, the case now before us is distinguishable fromMcCain. Moreover, unlike in McCain, the record in the case now before us tends to indicate that Papaspiros and Kuhlman were responsible, at least in part, for their lack of representation at trial. Accordingly, we conclude that the record in the case now before us does not establish that the trial judge un-duly impinged Papaspiros's and Kuhlman's right to counsel by requiring them to try the case without an attorney representing them.
Papaspiros and Kuhlman next argue that the trial court erred by removing Kuhlman from the courtroom for contempt because, they say, (1) her removal from the courtroom violated § 12-11-30(5), Ala. Code 1975, which restricts the punishment for criminal contempt to a fine not exceeding $100 and imprisonment for a period not exceeding five days; and (2) the trial court did not comply with the procedure required by Rule 70A, Ala. R. Civ. P. However, we cannot consider those arguments because Papaspiros and Kuhlman did not present them to the trial court.See Crutcher v. Wendy's of North Alabama, Inc.,857 So.2d 82, 97 (Ala. 2003) ("`This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.' Andrews v. Merritt Oil Co.,612 So.2d 409, 410 (Ala. 1992).").
Papaspiros and Kuhlman's third argument is that the trial court erred in failing to instruct the jury on their counterclaims of negligence and misrepresentation. However, Papaspiros and Kuhlman did not preserve that alleged error for appellate review because they did not object to the trial court's failure to charge the jury on those counterclaims and state the grounds for their objection as required by Rule 51, Ala. R. Civ. P.[2] Although Papaspiros and Kuhlman were not represented by an attorney at trial,
 "[a] party acting pro se must comply with legal procedure and court rules and may not avoid the effect of the rules due to unfamiliarity. Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel."
Lockett v. AL. Sandlin Lumber Co., 588 So.2d 889, 890
(Ala.Civ.App. 1991) (citations omitted).
Finally, Papaspiros and Kuhlman argue that the trial court erred by refusing to recess the trial long enough for their witnesses to arrive. However, the record *Page 1105 
indicates that Papaspiros merely stated that his witnesses would not be present until 1:30 or 2:00 — he did not actually request that the trial court recess the trial until his witnesses arrived. Because Papaspiros did not request a recess, there is no adverse ruling by the trial court for us to review.See Lyon v. Lyon, 662 So.2d 285, 287 (Ala.Civ.App. 1995) ("The mother next contends that the trial court erred in refusing to grant a continuance of the February 1, 1994, hearing. Our review of the record discloses that the mother never requested a continuance. We decline to consider this assertion, due to the fact that there was no adverse ruling on the matter from the trial court. Davis v. Hartford Accident Indemnity Co., 335 So.2d 688 (Ala.Civ.App. 1976).").
For the reasons discussed above, we deny Southeast's motion to dismiss Papaspiros's appeal, we grant Southeast's motion to strike, and we affirm the judgment of the trial court.
AFFIRMED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.
[1] The record does not indicate whether they sought a continuance before jury voir dire because the trial transcript does not begin until after jury voir dire had begun.
[2] In pertinent part, Rule 51 provides that "[n]o party may assign as error . . . the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge [to the jury] unless that party objects thereto before the jury retires to consider its verdict, stating the matterobjected to and the grounds of the objection." (Emphasis added.)