THOMAS, Judge.
K.H. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court placing custody of C.H. (“the child”) with Q.L. (“the father”). The Jefferson County Department of Human Resources (“DHR”) filed a dependency petition in October 2010, in which it alleged that the mother lacked adequate shelter and stable employment. The mother was appointed counsel. The child was removed from the mother’s custody on October 22, 2010. After a hearing on November 16, 2010, the juvenile court placed the child in the custody of D.H., the child’s maternal grandfather. The father was awarded visitation with the child in April 2011.
The mother’s appointed counsel withdrew in June 2011. The juvenile court then appointed another attorney to represent the mother. However, the mother retained private counsel, Edward May II (“retained counsel”), who filed a notice of appearance on August 2, 2011. The mother’s retained counsel represented the mother at the August 16, 2011, dependency trial. After that trial concluded, the juvenile court entered a judgment finding the child to be dependent, awarding the father pendente lite custody of the child, awarding the mother supervised visitation with the child, and setting a final dispositional trial for September 26, 2011.
At the dependency trial, the parties adduced disputed evidence regarding the mother’s actual residence, her employment, and her income. Counsel for the mother indicated at the close of the dependency trial that he intended to present further evidence at the dispositional trial regarding where the mother lived. The juvenile court commented that it did not expect the dispositional trial to take much longer than one hour.
Although the mother appeared for the dispositional trial on September 26, 2011, her retained counsel did not. The mother reported to the juvenile court that her retained counsel had had a family emergency and that he had told her he had come to the courthouse to inform the court that he could not appear at the trial on that day. The juvenile court explained that the mother’s retained counsel had not contacted its office, that it had specially set the dispositional trial for that day, and that all other parties were ready to proceed. The mother asked the juvenile court if it could appoint an attorney for her; the *422 juvenile court told her that the time for appointing counsel had passed and that no attorney would want to take the case because he or she would have to immediately represent the mother in the dispositional trial. We note that the mother did not submit an affidavit of substantial hardship at the time she requested that counsel be appointed for her. The mother then began to represent herself. She presented further testimony and documentary evidence regarding where she lived, where she was employed, and her income. The juvenile court noted on the record that the mother had reported to it that she had failed to make arrangements to pay her retained counsel.
After the dispositional trial, the juvenile court entered a judgment awarding custody of the child to the father and awarding supervised visitation to the mother. The mother filed a timely appeal. She raises two issues before this court. First, she argues that the juvenile court erred in requiring her to go forward with the dispo-sitional trial without the assistance of her retained counsel. Second, she argues that her retained counsel provided her ineffective assistance because he failed to attend the dispositional trial and represent her.
As both DHR and the father point out, the mother did not specifically request that the juvenile court continue the dispositional trial. However, the juvenile court made it clear that it did not intend to reschedule the specially set dispositional trial. The mother also requested that she be appointed replacement counsel. However, because the mother had retained counsel who had not withdrawn and because the mother had not satisfied the juvenile court that she was, at that time, indigent, the juvenile court arguably had no basis upon which to appoint counsel for the mother. Cf. R.H. v. D.N., 5 So.3d 1253, 1258 (Ala.Civ.App. 2008) (reversing a judgment in a dependency proceeding because the trial court refused to appoint an indigent mother an attorney).
In any event, the juvenile court’s decision to continue with the dispositional trial despite the absence of the mother’s retained counsel is not reversible error. “As a general rule, continuances are not favored under Alabama law.” D.A. v. Calhoun Cnty. Dep’t of Human Res., 976 So.2d 502, 504 (Ala.Civ.App.2007). Even in situations in which a party has a right to counsel and counsel is not present, a continuance may not be required. As we explained in Papaspiros v. Southeast General Contractors, Inc., 982 So.2d 1099, 1103 (Ala.Civ.App.2007) (quoting Ex parte McCain, 804 So.2d 186, 189 (Ala.2001) (See, J., concurring specially)), “ ‘[the] con stitutional right [to counsel in a civil matter], however, is not without limitation, and a trial court’s refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case.’ ” We noted in Papaspiros that,
“[although the record does not indicate with certainty why an attorney did not appear at trial with [the defendants], it tends to indicate that an attorney did not appear at trial with [the defendants] because they became dissatisfied with [their attorney] approximately a month before trial and they could not secure the services of a replacement at that late date.”
Papaspiros, 982 So.2d at 1104. Similarly, the record in the present case reflects that the mother had reported to the juvenile court that she had not made arrangements to pay her retained counsel before the date of the dispositional trial, indicating that the basis for her counsel’s failure to appear may well have been the fault of the *423 mother.[1] We cannot conclude that, under the facts and circumstances of this case, the juvenile court erred by requiring the mother to proceed with the dispositional trial without the assistance of her retained counsel.
The mother also argues that her retained counsel was ineffective because of his failure to appear at the dispositional trial. However, the mother never raised an ineffective-assistance-of-counsel argument before the juvenile court. We have explained that we cannot consider on appeal an ineffective-assistance-of-counsel claim that was not raised in the trial court. D.A., 976 So.2d at 504; S.E. v. J.D.G., 869 So.2d 1177, 1178 (Ala.Civ.App.2003); and J.K. v. Lee Cnty. Dep’t Human Res., 668 So.2d 813, 817 (Ala.Civ.App.1995). Thus, we will not entertain the mother’s argument on this issue.
AFFIRMED.
PITTMAN, BRYAN, and MOORE, JJ„ concur.
THOMPSON, P. J., dissents, with a writing.

. We realize that the fact that the mother had apparently not paid her retained counsel may have supported a conclusion that she was, in fact, indigent, see R.H., 5 So.3d at 1258 (opinion on return to remand)(stating that the fact that the mother's retained counsel withdrew because the mother had not paid him “tends to establish that the mother could not afford to retain her own counsel” and concluding that, based on the entire record, which contained two affidavits of substantial hardship, the mother was indigent and entitled to appointed counsel); however, the record does not contain an affidavit of substantial hardship or any other evidence indicating that the mother in this case was indigent and, therefore, entitled to appointed counsel.