A final judgment was rendered against the appellant, Carl Davis, by the trial court on May 1, 1975, in the amount of $9,250. He appeals from that decree.
Davis filed his brief in this court on March 2, 1976, and, on March 3, 1976 Hartford Accident and Indemnity Company, the appellee, filed here a motion to dismiss Davis' appeal on the ground that he had completely failed to follow the Alabama Rules of Appellate Procedure in the preparation of his brief and on the further ground that Davis had failed to properly present for review any errors committed by the trial court.
Pursuant to Rule 28, ARAP, this court pointed out to Davis the deficiencies in his brief and he did attempt to rectify them. In all fairness to Hartford, however, we must say that Davis' brief still does not conform to the desired level of brief writing expected of practitioners at this bar; however, since the judgment of the trial court is due to be affirmed for reasons that will follow, we will not further discuss the deficiencies of Davis' brief and will deny Hartford's motion to dismiss the appeal.
Rule 28 (a)(3), ARAP, provides that the brief of appellant shall contain:
 "A statement of the issues presented for review with principal authorities of law supporting each issue presented;"
Davis' brief contains four issues that he asks this court to review, and they are:
 "1. The defendant avers that there is no privity between the plaintiff and the defendant and that the complaint fails to state a cause of action or claim against the defendant from which relief can be granted.
 "2. Defendant avers that the plaintiff's complaint is vague, indefinite and uncertain and fails to state a claim or cause of action against the defendant for which relief can be granted.
 "3. The complaint shows on its face that any cause of action against this defendant occurred between October 23, 1964, and May 8, 1965, a period of some eight or nine years ago past, thereby barring a recovery against the defendant due to the statute of limitations to the plaintiff on negligence counts for a period of one year and a period of six years on contractual or liquidated claims or for laches on a claim of unjust enrichment.
 "4. Defendant avers that the plaintiff can in no way hold the defendant fully and completely responsible for the concurring negligence of the Bank of *Page 690 
Moundville and its employees and the Pan American Life Insurance Company and its employees for all the alleged losses set out in the complaint, since said losses were the result of the combined negligence of these parties and there is no way to determine which party is liable for what amount."
At the outset, it is to be noted that none of these "issues" present for review a ruling of the trial court, nor do they contain citation of authority. Each issue is either a factual averment such as might be found in a defendant's answer under the Alabama Rules of Civil Procedure, or else it is an abstract proposition of law which does not point to any error below.
Former practice, as evidenced by a long line of supreme court cases, Vol. 2A, Alabama Digest, Appeal Error, Section 718, required assignments of error to be grounded on adverse rulings of the trial court in order to be reviewable on appeal. Although assignments of error have been, in effect, abolished, Rule 20, ARAP, the requirement that only adverse rulings of the trial court will be reviewed on appeal, has not been abolished. The Committee Comments to Rule 4, ARAP, state that matters, i.e., "issues presented for review" as provided in Rule 28, ARAP, raised on appeal must have been presented to the trial court at some stage of the proceedings therein and once ruled on by the trial court are preserved for review.
Hartford says in brief that because of the insufficiency of the "issues presented" in Davis' brief, it cannot respond in an orderly and intelligent fashion to the points raised by him. We too are faced with the same dilemma.
In a recent decision, Thoman Engineers, Inc. v. McDonald, 56 Ala. App. ___, 328 So.2d 293, this court held that in the interest of reaching the merits, certain formal defects in the statement of issues will not prevent review if the true issues can be readily determined from the remainder of the brief or if the appellee suffers no prejudice. That is as liberal a construction of the ARAP as this court intends to make. To attempt an ascertainment of the actual issues presented by this appeal would require that we delve into the realm of speculation, for the remainder of the brief confuses the issues rather than clarifying them, and this would cause us to exceed the limits of review established in Thoman Engineers. This we do not intend to do. Where, as here, the statements present no reviewable issues based on rulings below and the remainder of the brief is not helpful in amplifying the issues, this court will not take upon itself the task of legal research and writing necessary to organize appellant's contentions. It is incumbent on appellant to submit a brief containing clear and succinct issues based on rulings of the trial court. Wetzel v.Hobbs, 249 Ala. 434, 31 So.2d 639.
Since our review is not sufficiently invited to any ruling below, the judgment of the trial court is affirmed.
MOTION TO DISMISS OVERRULED; JUDGMENT AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 691