The plaintiffs sued both Sanders and Salter in tort. The alleged basis of Salter's liability was respondeat superior, Salter having been Sanders' employer.
The jury returned one verdict against Sanders for $5,000 and a separate verdict against Salter for $3,354.85 "for medical services." When the last of the jury's two verdicts, the one against Salter, was read in open court, the trial court inquired, "What do you think about the form of that verdict?" and, there being no response from any of the four attorneys, the trial court excused the jury from the case without objection or exception from anyone. No post trial motion was filed by any party.
The plaintiffs appealed and their only complaint is that the trial court erred in accepting the two separate inconsistent verdicts. We cannot reach that issue and affirm.
Only error which is asserted at trial and there ruled upon may be raised on appeal and reviewed by an appellate court.Dennis v. Scarborough, 372 So.2d 357 (Ala.Civ.App. 1979). Upon an appeal, only adverse rulings of the trial court will be reviewed. *Page 1160 Davis v. Hartford Accident and Indemnity Co., 335 So.2d 688
(Ala.Civ.App.), cert. denied, 335 So.2d 691 (Ala. 1976). The appellants have no ruling to which they may complain on appeal in the absence of a ruling by the trial court. Woods v.Westbrook, 356 So.2d 153 (Ala. 1978).
Since in this case there was no adverse ruling by the trial court, we have nothing to review and must affirm.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.