The courts of this state, trial and appellate, together with the Supreme Court of the United States, have entertained various pleadings and complaints between the parties since early 1992. The appellant here has been the primary litigant in these matters. It all began with the filing of a complaint for divorce from the appellant by the wife in the Circuit Court of Mobile County, Alabama.
The first event in the Figures saga occurred when all the circuit judges of Mobile County recused themselves from presiding over the case. The stated cause for such recusals was that appellant Figures was a prominent, practicing attorney and municipal judge in Mobile County. As required by law, a circuit judge from another judicial circuit was appointed by the Chief Justice of Alabama to serve in the case. That appointee was Judge Partin of adjoining Baldwin County.
The appellant promptly moved for the recusal of Judge Partin on the ground of possible bias. The refusal of Judge Partin to recuse himself was brought by petition for writ of mandamus to this court. The writ was granted. Another judge, Robert M. Harper of Lee County, was appointed to preside by the Chief Justice on April 16, 1992.
After some preliminary rulings by Judge Harper, the appellant charged partiality of the judge against him and requested the removal of Judge Harper. A subsequent petition for writ of mandamus, requested by the appellant to require recusal of Judge Harper, was filed before the Supreme Court of Alabama and was summarily denied.
The action for divorce and the counterclaim of the appellant were orally tried before Judge Harper. A judgment was entered, granting a divorce to the wife. That judgment contained an order for a division of real and personal property and granted to the wife an amount of alimony in gross and an attorney's fee to be paid by the appellant within a designated time (60 days).
The judgment was appealed to this court on August 3, 1992. Motion for supersedeas bond was filed. Bond was set on September 24, 1992. Bond was filed November 2, 1992.
The appeal was heard by this court, and a judgment of affirmance was entered on March 19, 1993. Figures v. Figures,624 So.2d 188 (Ala.Civ.App. 1993). Petitions for certiorari to the Alabama Supreme Court and subsequently to the United States Supreme Court were filed and denied. The Alabama petition was denied on July 23, 1993, and a certificate of judgment was entered on July 30, 1993. A motion to stay enforcement was filed in the United States Supreme Court and was denied August 10, 1993.
The wife moved for a judgment of contempt against the appellant for his failure to perform as ordered in the judgment of divorce. After a hearing on December 3, 1993, the court found the appellant to be in civil contempt of court. He was ordered to comply as ordered and was committed to jail until he could purge himself by compliance. Bond was denied. Subsequently, another judge of Mobile County released the appellant from jail upon his payment into court of an amount calculated to be due the wife under the divorce judgment. The judgment of contempt was appealed to this court. This court affirmed with opinion on May 20, 1994. Figures v. Figures,646 So.2d 62 (Ala.Civ.App. 1994).
On January 27, 1994, a new judge, John W. Rochester of the 40th Judicial Circuit, was appointed by the Chief Justice to preside in the case.
On December 30, 1993, the wife filed a pleading termed "amendment to her instanter motion for contempt." That motion came while the judgment of contempt was pending on appeal to this court. That appeal was ended by the decision of this court heretofore referred to. The subsequent request for certiorari to the supreme court was denied.
The motion for contempt was apparently set for hearing for June 24, 1994. The appellant moved for a continuance because the prior judgment of contempt was on appeal. That motion was denied, and the hearing began on June 24, 1994, before Judge Rochester. *Page 504 
Appearing pro se, the appellant orally presented argument, specially challenging the jurisdiction of the court to hold the hearing. His argument was that the jurisdiction of the circuit court was ousted by the appeal to this court of the prior finding of contempt. Even though this court had entered its judgment of affirmance on May 20, 1994, it had not entered its certificate of judgment, and he had applied for a rehearing. He also contended that he intended to seek further review by the supreme court.
After lengthy discourse to the court, the appellant indicated that he would not participate in the hearing. He carried on a further colloquy with the court, covering 28 pages of record; however, he subsequently left the court.
All of the above recital brings us to this appeal from that action.
The appellant first challenges the jurisdiction of the court to consider a motion for contempt when the matter presented is an issue then pending on appeal.
The appellant is correct in contending that once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal. Ward v. Ullery,412 So.2d 796 (Ala.Civ.App. 1982). Whether that proposition applies in this case is not for our decision. The trial court in this case did not decide that issue, nor did it find the appellant in contempt.
As we read the record, the appellant appeared specially in court to hear a petition for contempt because there was then pending in the appellate courts an appeal from a previous order finding him in contempt.
Had he not absented himself in protest after he had informed the court of his position, he would have heard the judge rule that he would not consider the petition for a second contempt when the first remained on appeal.
In view of that ruling, the contention of the appellant on this appeal of that issue is moot and not correctly presented. The only matter for our consideration is an adverse ruling of the trial court. Davis v. Hartford Accident Indemnity Co.,335 So.2d 688 (Ala.Civ.App. 1976).
The second issue presented relates to whether an appeal of a judgment for contempt requires the posting of a supersedeas bond.
We find no ruling on that issue by the trial court. Therefore, it cannot be presented on appeal. Davis.
Finding no adverse ruling to the appellant presented by this appeal, we affirm the judgment below.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in result only.