975 So.2d 357 (2007)
Gary Lee OLSON
v.
STATE of Alabama.
2050648.
Court of Civil Appeals of Alabama.
February 9, 2007.
Opinion on Return to Remand May 4, 2007.
Gary Lee Olson, pro se.
Troy King, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
*358 BRYAN, Judge.[1]
Gary Lee Olson appeals from a purported judgment of the Baldwin Circuit Court. Because the appeal is taken from a nonfinal judgment, we remand the case to the circuit court for it to enter a final judgment.
In August 1999, Olson was arrested for the possession of marijuana and the possession and use of drug paraphernalia. After being charged with those offenses, Olson pleaded guilty to a misdemeanor possession-of-marijuana charge, and the State of Alabama nolle prossed the drug-paraphernalia charge.
On October 11, 2000, Olson filed a "motion to release and return of seized money and property." Olson's motion listed numerous firearms that he asserted had been seized from him at the time of his arrest. On June 23, 2005, the following entry was made on the computerized case-action summary: "defendants motion to return property, granted. JHR." On July 6, 2005, the State filed a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the purported judgment of June 23, 2005. The record on appeal does not indicate that the circuit court ruled on the State's July 6, 2005, Rule 59 motion.[2]
Although the record is unclear, Olson apparently asserted that, although some of his seized personal property was returned to him on March 30, 2006, seized money and firearms were not returned to him. Olson subsequently filed a notice of appeal to the Court of Criminal Appeals. The Court of Criminal appeals transferred the appeal to this court on the authority of Jones v. State, 937 So.2d 59 (Ala.2006) (stating that in a case involving a request for the return of seized property, the proceedings should be treated as a civil action for conversion).
At the time the purported judgment in this case was entered, Rule 58(b), Ala. R. Civ. P., provided, in pertinent part, that a "judgment or order, or the minute entry thereof, will be sufficient if it is signed or initialed by the judge. . . ."[3] The supreme court has held that a judgment that is not signed or initialed by the trial judge is a nullity. Alfa Life Ins. Corp. v. Jackson, 906 So.2d 143, 152-53 (Ala.2005). Because the purported judgment of June 23, 2005, was not signed or initialed by the trial judge, it is a nullity. Id. Therefore, Olson has appealed from a nonfinal judgment. "A nonfinal judgment will not support an appeal." Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004).
We remand the case to the circuit court for 28 days for it to enter a final judgment that complies with Rule 58(b). Failure by the circuit court to respond to this remand within 28 days will result in the dismissal of the appeal as being from a nonfinal judgment.
REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

*359 On Return to Remand

BRYAN, Judge.
On February 9, 2007, we remanded this case to the circuit court for it to enter a final judgment that complies with Rule 58(b), Ala. R. Civ. P. See Olson v. State, 975 So.2d 357 (Ala.Civ.App.2007). On remand, the circuit court entered a final judgment in Gary Lee Olson's favor in his action seeking the return of items seized when Olson was arrested in August 1999.
On return to remand, Olson contends that the State of Alabama has not returned all the seized items that he sought to recover in his action. Olson seems to attribute this purported failure to return certain items to error by the circuit court. However, the record on appeal indicates that the circuit court entered a final judgment granting Olson's request that the seized items be returned to him. The State's purported failure to return the items to Olson is not attributable to any adverse ruling by the circuit court. Generally, a party may appeal only an adverse ruling. CSX Transp., Inc. v. Day, 613 So.2d 883, 884 (Ala.1993) ("[I]t is familiar law that an adverse ruling below is a prerequisite to appellate review."); Figures v. Figures, 658 So.2d 502, 504 (Ala.Civ.App. 1994) ("The only matter for [the appellate court's] consideration is an adverse ruling of the trial court. Davis v. Hartford Accident & Indemnity Co., 335 So.2d 688 (Ala. Civ.App.1976)."); and Rountree v. Sanders, 413 So.2d 1159, 1159-60 (Ala.Civ.App. 1982) ("Upon an appeal, only adverse rulings of the trial court will be reviewed."); see also Public Serv. Comm'n of Missouri v. Brashear Freight Lines, Inc., 306 U.S. 204, 206-07, 59 S.Ct. 480, 83 L.Ed. 608 (1939) (stating that the successful party below lacked the right to appeal from a decree denying an injunction).
Because the circuit court on remand entered a final judgment in Olson's favor, there is no adverse ruling against Olson for this court to review. Therefore, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
NOTES
[1] This case was originally assigned to another judge on this court; it was reassigned to Judge Bryan on January 17, 2007.
[2] An entry on the case-action summary dated March 30, 2006, states that a "motion was heard" and that the "motion is moot"; this entry appears to refer to motions filed by Olson seeking transcripts and "recordings" of various hearings.
[3] Rule 58 was amended effective September 19, 2006. The new rule differs significantly from the prior rule, especially concerning the requirements for the entry of a judgment or order. Because the purported judgment in this case predates the amendment of September 19, 2006, we cite the prior version of Rule 58. The new Rule 58(b) provides, in part, that "[a] written order or a judgment will be sufficient if it is signed or initialed by the judge. . . ."