MOORE, Judge.
M.A.J. (“the father”) appeals from a judgment of the Jefferson Juvenile Court modifying custody of J.P.J. (“the child”). We affirm in part and reverse in part.

Background

This is the second time these parties have been before this court. See M.A.J. v. S.B., 73 So.3d 1287 (Ala.Civ.App.2011). In M.A.J., we set forth the following pertinent procedural history:
“The child was previously the subject of a 2006 dependency action in the juvenile court that was brought by S.B., the child’s maternal grandmother (‘the maternal grandmother’). That action ultimately resulted in a November 28, 2007, judgment finding the child dependent and ordering that custody of the child would be ‘shared’ by the father and the maternal grandmother and that they would ‘share times of physical custody.’
“On August 13, 2009, the father filed a petition to modify the November 28, 2007, judgment, which the father amended on June 18, 2010. After the maternal grandmother filed an answer to the amended petition, the juvenile court conducted a trial on the merits. On September 5, 2010, the juvenile court entered a judgment concluding that the father had failed to meet the standard for modification set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), and stated: ‘The care, custody and control of [the child] to remain with maternal grandmother.’ The juvenile court awarded the father visitation as set out in a schedule attached to the judgment.”
73 So.3d at 1288 (footnote omitted). The father appealed.
On appeal, this court agreed with the father that the juvenile court had erred in applying the custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). 73 So.3d at 1289. We noted that the father and S.B. (“the maternal grandmother”) had held joint custody of the child before the entry of the September 5, 2010, judgment and, therefore, that the best-interest standard governed the father’s custody-modification petition. Id. (citing Ex parte Couch, 521 So.2d 987 (Ala.1988)).
We also concluded that the juvenile court had erred in modifying its prior judgment to award the maternal grandmother sole custody of the child. Id. We recognized that the maternal grandmother had not filed a counterclaim seeking sole custody of the child, that she had not otherwise notified the father that she was seeking sole custody, and that the father had not had notice that he could lose joint custody of the child. Id. We, therefore, reversed the juvenile court’s judgment and remanded the cause for the juvenile court “to determine from the evidence whether it is in the best interests of the child that the joint-custody arrangement be modified.” 73 So.3d at 1291.
On remand, the juvenile court heard arguments regarding the proper application of the best-interest standard to the evidence previously presented to the juvenile court. On August 31, 2011, the juvenile court entered a judgment stating that, in compliance with this court’s directives, it had applied the best-interest standard to the evidence presented at the August 6, 2010, trial on the father’s petition to modify custody and denying the father’s petition. The juvenile court also noted that it was closing the case and terminating “all appointments as to attorneys.” On September 7, 2011, the father timely filed a motion to alter, amend, or vacate the judg *1246 ment, asserting that the juvenile court had improperly awarded the maternal grandmother sole custody of the child, in violation of this court’s mandate in supra. The father raised no other issues in his postjudgment motion. On September 21, 2011, the father timely filed his notice of appeal.
On September 26, 2011, the juvenile court entered an order finding that, for purposes of appeal, the father was not indigent; the juvenile court also noted that it had based that finding on the father’s testimony during the trial on his modification petition. In a separate order dated September 26, 2011, the juvenile court purported to grant the father’s postjudgment motion as to the issue of custody by amending its August 31, 2011, judgment to award the father and the maternal grandmother joint custody but leaving all other terms of that August 31, 2011, judgment in effect.

Analysis

The father argues that the juvenile court’s August 31, 2011, custody award violated the mandate issued by this court in M.A.J., supra. We first note that the father filed a timely postjudgment motion on September 7, 2011, asserting that the juvenile court had violated this court’s mandate in M.A.J., supra, by awarding the maternal grandmother sole custody of the child. However, the juvenile court failed to rule on that motion within 14 days of its filing and, thus, pursuant to Rule 1(B), Ala. R. Juv. P., that motion was deemed denied by operation of law on September 21, 2011. See S.D.C. v. N.L., 864 So.2d 1089, 1090 (Ala.Civ.App.2002). Although the juvenile court entered an order on September 26, 2011, purporting to grant the father’s post-judgment motion, any action on the father’s postjudgment motion on September 26, 2011, was a nullity because the father’s motion had already been denied by operation of law on September 21, 2011. Id. at 1091.
Because the juvenile court’s September 26, 2011, order was a nullity, we now consider whether the juvenile court’s August 31, 2011, judgment violated this court’s mandate in M.A.J., supra.
“In Ex parte Edwards, [727 So.2d 792 (Ala.1998),] this Court held that when an appellate court remands a case, the trial court does not have the discretion to conduct a new trial or an evidentiary hearing. 727 So.2d at 794-95. Instead, after a case is remanded, the trial court may enter ‘ “ ‘[n]o judgment other than that directed or permitted by the reviewing court.... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence.’ ” ’ Id. at 794 (quoting Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983), quoting in turn 5 Am.Jur.2d Appeal & Error § 991 (1962)).”
Ex parte Queen, 959 So.2d 620, 621 (Ala.2006).
Although the juvenile court’s August 31, 2011, judgment is not easily deciphered, we agree with the father that, in that judgment, the juvenile court violated this court’s mandate by improperly transferring custody of the child to the maternal grandmother. In that judgment, the juvenile court indicated that, after considering the previously presented evidence under the best-interest standard, custody of the child is “awarded to/to remain with” the maternal grandmother and that the “father’s petition to modify [custody] is denied.”
In M.A.J., supra, however, we concluded that, due to the procedural posture of the action, the juvenile court could only *1247 grant the father’s petition to modify the joint-custody arrangement in favor of the father or deny that petition, thereby maintaining the already existing joint-custody arrangement. Id. at 1289. Thus, although the juvenile court complied with this court’s mandate by applying the best-interest standard to the father’s custody-modification petition, the juvenile court’s August 31, 2011, modification of the joint-custody arrangement in favor of the maternal grandmother violated this court’s mandate. We, therefore, reverse that aspect of the juvenile court’s August 31, 2011, judgment.
The father next asserts that the juvenile court erred in denying him indigency status for purposes of his appeal. He asserts that, at the time the juvenile court revoked his indigency status, the father had already filed his notice of appeal and, therefore, that the juvenile court no longer had jurisdiction to act in the case.
Rule 24, Ala. R.App. P., addresses motions for leave to proceed in forma pauper-is on appeal. That rule provides, in pertinent part:
“Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the court in forma pauperis, ... may proceed on appeal in forma pauperis without farther authorization unless, before or after the notice of appeal is filed, the trial court ... shall find that the party is otherwise not entitled so to proceed, in which event the trial court shall state in writing the reasons for such certification or finding.
“If a motion for leave to proceed in forma pauperis is denied by the trial court, or if the trial court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauper-is, the clerk shall forthwith serve notice . of such action. ' A motion for leave so to proceed may be filed in the appellate court within 28 days (4 weeks) after service of the notice of the action of the trial court. The motion shall be accompanied by a copy of the affidavit filed in the trial court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the trial court, and by a copy of the statement of reasons given by the trial court for its action.”
(Emphasis added.)
As recognized in Rule 24, a trial court may certify — after a notice of appeal has been filed — that a party is not entitled to proceed on appeal in forma pauperis. In this case, the juvenile court complied with Rule 24 by entering an order finding that the father was not entitled to proceed on appeal in forma pauperis and stating the basis for its finding. Therefore, the father’s assertion that the juvenile court acted outside its jurisdiction in revoking his indigency status after he filed his notice of appeal is without merit.
Further, as he was entitled to do, the father filed with this court a motion for leave to proceed on appeal in forma pau-peris as allowed by Rule 24. In support of that motion, the father submitted his affidavit attesting that he was employed and earning a monthly income; the father, however, failed to attach a copy of the juvenile court’s order as required by Rule 24. As did the juvenile court, this court denied the father’s motion to proceed in forma pauperis.
In his brief, the father has failed to cite any relevant authority in support of his argument that the juvenile court erred in denying his motion for leave to proceed in forma pauperis. Moreover, he has wholly failed to address this court’s denial of his request. As a result, we need not address
*1248 the issue further. See Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (“ ‘[I]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ” (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994), citing in turn Spradlin v. Spradlin, 601 So.2d 76 (Ala.1992))). See also Bennett v. Bennett, 506 So.2d 1021, 1023 (Ala.Civ.App.1987) (“The law of Alabama provides that where no legal authority is cited or argued, the effect is the same as if no argument had been made.”).
For the foregoing reasons, we affirm the trial court’s judgment insofar as it denied the father indigency status; we reverse that part of the trial court’s judgment awarding the maternal grandmother sole custody of the child, and we remand the cause for the entry of a judgment consistent with this opinion.
The father’s request for the award of attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.